BAM USAO#2022R00233

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. MJM 24 cr 201 |
| v. | (Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349; and Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| CHRISTOPHER WALLACE SR, | |
| Defendant | |

******

## INFORMATION

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The United States Attorney for the District of Maryland charges that:

#### Introduction

At times relevant to this Information:

1. Defendant **CHRISTOPHER WALLACE SR ("WALLACE")** and Nichelle Henson ("HENSON") were residents of Maryland.

2. **WALLACE** formed three businesses in Maryland and was the registered agent for each. The businesses were named Safety First Firearms and Defense LLC, FitFoodPrep LLC, and Weighed Anchor LLC.

3. The United States Small Business Administration ("SBA") was a Federal agency of the United States government that provided support to entrepreneurs and small businesses, including assisting during disasters.

4. The SBA enabled and provided loans through banks, credit unions, and other lenders. The loans had government-backed guarantees.

## Background on the Paycheck Protection Program

5. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the SBA that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

6. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

7. Borrowers submitted PPP loan applications electronically, which were received by the SBA through servers located outside Maryland. Once approved, borrowers received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the borrower's business.

8. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal

income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

9. M&T Bank and Kabbage, Inc were third-party participating lenders in the PPP program (collectively, the PPP lenders).

### The Conspiracy and Scheme To Defraud

10. From at least in or about April 2020 and continuing through at least in or about January 2021, in the District of Maryland and elsewhere, the defendant,

**CHRISTOPHER WALLACE SR.,**

did knowingly and willfully conspire, confederate, and agree with HENSON, and others known and unknown, to knowingly execute, and attempt to execute, a scheme and artifice to defraud the PPP lenders and the SBA to obtain money by means of materially false and fraudulent pretenses, representations, and promises, through the use of wire communications, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Manner and Means

11. It was part of the conspiracy to defraud that that **WALLACE** and **HENSON** submitted and caused the submission of false and fraudulent PPP applications.

12. It was further part of the conspiracy to defraud that **WALLACE** and **HENSON** made materially false and fraudulent representations about payroll expenses and number of employees in PPP applications.

13. It was further part of the conspiracy to defraud that **WALLCE** and **HENSON** created and caused the creation of false, fraudulent, and fabricated documents, such as tax forms, to be used in PPP applications.

14. It was further part of the conspiracy to defraud that **WALLCE** and **HENSON** opened bank accounts for the sole purpose of receiving PPP money.

15. It was further part of the conspiracy to defraud that **WALLCE** and **HENSON** caused interstate wire communications when submitting materially false, fraudulent, and fabricated documents to PPP lenders.

16. It was further part of the conspiracy to defraud that **WALLCE** and **HENSON** caused interstate wire communications when making materially false and fraudulent representations to PPP lenders.

18 U.S.C. § 1349

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offense alleged in Count One of this Information.

### Wire Fraud Forfeiture

2. Upon conviction of the offense set forth in Count One, the defendant,

**CHRISTOPHER WALLACE SR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, a forfeiture money judgment in the amount of at least $315,000 in U.S. Currency equal to the proceeds the defendant obtained as a result of the scheme to defraud.

### Substitute Assets

3. If, as a result of any act or omission by the Defendant, any of the property described above as being subject to forfeiture,:

   a. cannot be located upon the exercise of due diligence

   b. has been transferred, sold to, or deposited, with a third party

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

5

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C).
21 U.S.C. § 853(p).
28 U.S.C. § 2461(c).

*Erek L. Barron / Bar*
Erek L. Barron
United States Attorney

Date: 6/18/24